**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

POM OF VIRGINIA, LLC, a Wyoming limited
liability company, QUEEN OF VIRGINIA SKILL
AND ENTERTAINMENT, LLC, a Wyoming
limited liability company,

       Plaintiffs,

     v.

COLEMAN MUSIC AND ENTERTAINMENT,
LLC, a Florida limited liability company,

       Defendant.

Case No. 1:19-cv-00871-RDA-TCB

## <u>MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR PERMANENT INJUNCTION AGAINST DEFENDANT AND FINAL JUDGMENT</u>

Plaintiffs POM of Virginia, LLC ("POM") and Queen of Virginia Skills and

Entertainment, LLC ("QVS") and Defendant Coleman Music and Entertainment, LLC

("Coleman"), by undersigned counsel, hereby file this Memorandum in Support of their Consent

Motion for Permanent Injunction Against Defendant and Final Judgment, and state as follows:

1.      On June 28, 2019, Plaintiffs POM and QVS filed a Complaint against Coleman,

alleging an action for patent infringement for infringement of U.S. Patent No. 7,736,223 (Count

1) and an action for breach of contract (Count 2).

2.      On or about August 14, 2019, the parties entered into a Settlement Agreement and

Mutual Release ("the Agreement").  Subject to the terms of the Settlement Agreement and

Mutual release dated August 14, 2019, the parties hereby stipulate to and request the entry of a

Permanent Injunction Against Defendant, entry of judgment against Defendant as to Count II,

and dismissal of Court I without prejudice, with each party to bear its own costs, expenses and attorneys' fees.

3.    As set forth in the attached Order, the parties are in agreement that Coleman entered into a First Contract with POM of Virginia on December 12, 2017 ("the First Contract") and a Second Contract with POM and QVS on January 10, 2019 ("the Second Contract"). The First and Second Contracts at issue in Count II contain an exclusivity provision obligating Coleman to provide gaming products of POM and QVS in the Commonwealth of Virginia. The First and Second Contracts also contain non-compete provisions, whereby Coleman covenanted not to compete with POM and QVS by manufacturing, offering for sale, selling, providing or distributing in Virginia competing gaming products obtained from any third party.

4.    Furthermore, between December 12, 2017 and the filing of the Complaint, Coleman operated Competing Gaming Products in Virginia. The First and Second Contracts also contain a Code of Conduct, the current version of which is attached as Exhibit "A" of the Consent Order. The Code of Conduct includes a provision that defines the revenue split that Coleman is entitled to enter into with retail operators (third-party locations) in Virginia. Between December 12, 2017 and the filing of the Complaint, Coleman on at least one occasion offered an increased revenue split to a third-party location in violation of the applicable Code of Conduct. Each violation of the Code of Conduct by Coleman causes irreparable harm to QVS.

5.    A permanent injunction against Defendant Coleman is warranted here. As set forth above, each violation of the Code of Conduct by Coleman caused irreparable harm to QVS and monetary damages are inadequate to compensate for this harm. Furthermore, the balance of hardships favors the entry of a permanent injunction in this case, and a permanent injunction does not adversely impact the public interest. *Legend Night Club v. Miller*, 637 F.3d 291, 297,

2

2011 U.S. App. LEXIS 3138, *8 (E.D. Va. 2011).  Specifically, the parties request that the Court permanently enjoin and restrain Coleman, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Coleman, from: (a) manufacturing, offering for sale, selling, distribution or installation of Competing Gaming Products in Virginia for the term provided in the Second Contract; and (b) entering into any payment arrangement with a third party location in Virginia that violates the distribution split requirements or prohibitions of the Code of Conduct.

6.      Based on the above considerations, the parties request that the Court enter the attached Order Granting Consent Motion for Permanent Injunction Against Defendant and Final Judgment.

POM OF VIRGINIA LLC AND
QUEEN OF VIRGINIA SKILL
AND ENTERTAINMENT, LLC

By Counsel:

/s/ Matthew B. Kirsner_____
Anthony F. Troy, VSB No. 05985
Matthew B. Kirsner, VSB No. 41615
Jessica A. Glajch, VSB No. 83924
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
919 East Main Street
Suite 1300
Richmond, Virginia 23219
Telephone: (804) 788-7752
Fax: (804) 698-2950
ttroy@eckertseamans.com
mkirsner@eckertseamans.com
jglajch@eckertseamans.com

3

/s/ Steven G. Hill_____
Steven G. Hill, GA Bar No. 354658
(admitted pro hac vice)
John L. North, GA Bar No. 545580
(admitted pro hac vice)
Vivek Ganti, GA Bar No. 755019
(admitted pro hac vice)
Martha L. Decker, GA Bar No. 420867
(admitted pro hac vice)
HILL, KERTSCHER, & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jln@hkw-law.com
vg@hkw-law.com
md@hkw-law.com


/s/ John P. Pennington_____
John P. Pennington, VSB No. 82512
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC 20007
Telephone: (202) 263-4300
Fax: (202) 263-4329
jpennington@sgrlaw.com

*Counsel for Defendant Coleman
Music and Entertainment, LLC*

4