**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

POM OF VIRGINIA, LLC, a Wyoming limited
liability company, QUEEN OF VIRGINIA SKILL
AND ENTERTAINMENT, LLC, a Wyoming
limited liability company,

      Plaintiffs,

    v.

COLEMAN MUSIC AND ENTERTAINMENT,
LLC, a Florida limited liability company,

      Defendant.

Case No. 1:19-cv-00871-RDA-TCB

## ORDER GRANTING CONSENT MOTION FOR PERMANENT INJUNCTION AGAINST DEFENDANT AND FINAL JUDGMENT

The Court, having reviewed the pleadings, evidence and the arguments of the parties, and considering the Consent Motion for Permanent Injunction against Defendant and Final Judgment, orders as follows:

1.    Subject to the terms of the Settlement Agreement and Mutual release dated August 14, 2019, the parties hereby stipulate and agree to the entry of a Permanent Injunction Against Defendant, entry of judgment against Defendant as to Count II, and dismissal of Court I without prejudice, with each party to bear its own costs, expenses and attorneys' fees.

2.    The Court finds that the Defendant ("Coleman") entered into a First Contract with POM of Virginia, LLC ("POM") in December 12, 2017 (the "First Contract"), and a Second Contract with POM and Queen of Virginia Skill and Entertainment, LLC ("QVS") in January 10, 2019. POM and QVS filed suit on June 28, 2019. Count I of the Complaint is for infringement of U.S. Patent No. 7,736,223 and Count II of the Complaint is for breach of contract.

3.    The First and Second Contracts at issue in Count II contain an exclusivity

provision obligating Coleman to provide gaming products of POM and QVS in the Commonwealth of Virginia.

4. For example, the Second Contract provides that Coleman shall not directly or in conjunction with any person, firm, partnership, association, corporation, or other business organization, entity, or enterprise offer, provide or operate any game product within Virginia other than certain products authorized and provided on behalf of QVS.

5. The First and Second Contracts also contain non-compete provisions, whereby Coleman covenanted not to compete with POM and QVS by manufacturing, offering for sale, selling, providing or distributing in Virginia competing gaming products obtained from any third party.

6. "Competing Gaming Products" in the foregoing paragraph include equipment terminals comprising a display, housing and gaming boards having central processing units loaded with firmware/software for operating a variety of games, where the gaming boards are preloaded with games supplied to Coleman by third parties (e.g., Banilla Games, Blue Sky, Primero, Gracie Technologies and Big Daddy Nudge) prior to the sale, distribution or installation of the terminals.

7. Between December 12, 2017 and the filing of the Complaint, Coleman operated Competing Gaming Products in Virginia.

8. The First and Second Contracts also contain a Code of Conduct, the current version of which is attached as Exhibit "A." The Code of Conduct includes a provision that defines the revenue split that Coleman is entitled to enter into with retail operators (third-party locations) in Virginia.

9. Between December 12, 2017 and the filing of the Complaint, Coleman on at least

2

one occasion offered an increased revenue split to a third-party location in violation of the applicable Code of Conduct.

10. Each violation of the Code of Conduct by Coleman causes irreparable harm to QVS.

11. The balance of hardships favors the entry of a permanent injunction in this case, and a permanent injunction does not adversely impact the public interest.

12. The parties have no objection to the entry of the foregoing findings, and waive all rights to appeal from these determinations.

13. Therefore, with respect to Count II of the Complaint, the Court finds in favor of POM and QVS and hereby permanently enjoins and restrains Coleman, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Coleman, from: (a) manufacturing, offering for sale, selling, distribution or installation of Competing Gaming Products in Virginia for the term provided in the Second Contract; and (b) entering into any payment arrangement with a third party location in Virginia that violates the distribution split requirements or prohibitions of the Code of Conduct.

14. With respect to Count I of the Complaint, the Court makes no findings of fact or conclusions of law. On the parties' joint motion, the Court enters an order dismissing Count I without prejudice.

15. The Court shall retain jurisdiction to enforce the terms and conditions of the Settlement Agreement, and to enforce the terms of this Consent Order.

16. This Order is the final judgment of the Court within the meaning of Fed. R. Civ. P. 54.

SO ORDERED this _16_ day of August, 2019.

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

3

SO STIPULATED AND AGREED:


/s/ Matthew B. Kirsner_____
Anthony F. Troy, VSB No. 05985
Matthew B. Kirsner, VSB No. 41615
Jessica A. Glajch, VSB No. 83924
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street
Suite 1300
Richmond, Virginia 23219
Telephone: (804) 788-7752
Fax: (804) 698-2950
ttroy@eckertseamans.com
mkirsner@eckertseamans.com
jglajch@eckertseamans.com

/s/ Steven G. Hill_____
Steven G. Hill, GA Bar No. 354658 (admitted pro hac vice)
John L. North, GA Bar No. 545580 (admitted pro hac vice)
Vivek Ganti, GA Bar No. 755019 (admitted pro hac vice)
Martha L. Decker, GA Bar No. 420867  (admitted pro hac vice)
HILL, KERTSCHER, & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jln@hkw-law.com
vg@hkw-law.com
md@hkw-law.com

*Counsel for Plaintiffs POM of Virginia LLC and Queen of Virginia Skill and Entertainment, LLC*

4

/s/ John P. Pennington
John P. Pennington, VSB No. 82512
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC 20007
Telephone: (202) 263-4300
Fax: (202) 263-4329
jpennington@sgrlaw.com

*Counsel for Defendant Coleman Music and Entertainment, LLC*